IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

CHRISTINE L. PARKS                                                          PLAINTIFF

vs.                              Civil No. 3:11-cv-03120

MICHAEL J. ASTRUE                                           DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Christine L. Parks ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.**     **Background:**

Plaintiff protectively filed her disability applications on February 25, 2010. (Tr. 10, 122-137). In these applications, Plaintiff claims to be disabled due to a back injury, depression, and anxiety. (Tr. 161). Plaintiff alleges an onset date of February 28, 2009. (Tr. 10, 162). This application was denied initially and again upon reconsideration. (Tr. 62-63).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

Thereafter, Plaintiff requested an administrative hearing on her applications, and this hearing request was granted. (Tr. 81-94). Plaintiff's administrative hearing was held on March 17, 2011 in Harrison, Arkansas. (Tr. 23-60). Plaintiff was present and was represented by Rick Spencer at this hearing. *Id.* Plaintiff, a witness for Plaintiff, and Vocational Expert ("VE") Sarah Moore testified at this administrative hearing. *Id.* As of the date of this hearing, Plaintiff was forty-seven (47) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (SSI) and 20 C.F.R. § 404.1563(c) (DIB). *Id.*

On April 5, 2011, the ALJ entered an unfavorable decision denying Plaintiff's applications for SSI and DIB. (Tr. 10-18). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through September 30, 2014. (Tr. 12, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since February 28, 2009, her alleged onset date. (Tr. 12, Finding 2). The ALJ determined Plaintiff had the following severe impairments: degenerative disk and joint disease of the lumbar spine and obesity. (Tr. 12-13, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 13, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 13-16, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant can only occasionally climb, balance, crawl, kneel, stoop, and crouch. Further, due to symptoms such as

>pain and fatigue, the claimant is limited to work where interpersonal contact is incidental to the work performed; where the complexity of tasks is learned and performed by rote, with few variables and little judgment required; and where supervision is simple, direct, and concrete.

*Id.* The ALJ also found Plaintiff had at least a high school education and was able to communicate in English. (Tr. 17, Finding 8).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff was unable to perform her PRW. (Tr. 16, Finding 6). The ALJ then evaluated whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy considering her age, education, work experience, and RFC. (Tr. 17-18, Finding 10). The ALJ heard testimony from the VE on this issue. *Id.* Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform the requirements of representative sedentary, unskilled occupations such as machine tender with 250 such positions in Arkansas and 19,250 such positions in the nation; assembly worker with 350 such positions in Arkansas and 49,700 such positions in the nation; and surveillance monitor with 75 such positions in Arkansas and 7,800 such positions in the nation. (Tr. 17). Based upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from her alleged onset date of February 28, 2009 through the date of the ALJ's decision or through April 5, 2011. (Tr. 18, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 4-5). On October 6, 2011, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On November 21, 2011, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on March 1, 2012. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 8, 12. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.      Discussion:**

In her appeal brief, Plaintiff claims the following: (1) the ALJ erred in assessing her RFC; (2) the ALJ erred in assessing her credibility; (3) the ALJ erred by failing to develop the record and send her for a psychiatric consultation; and (4) the ALJ erred by finding her impairments did not meet or equal the requirements of the Listings. ECF No. 8 at 1-20. Because this Court agrees with Plaintiff's second argument and finds the ALJ improperly performed a *Polaski* evaluation and improperly evaluated her subjective complaints, this Court will only address the second issue Plaintiff raised.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and

20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity.

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

*See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not comply with *Polaski* and did not give sufficient reasons for discounting Plaintiff's subjective complaints. (Tr. 13-16). Indeed, apart from the ALJ's finding that her impairments were not supported by the objective medical evidence, the only *Polaski* factor which the ALJ considered was her daily activities. *Id.* The ALJ summarized his findings regarding her daily activities as follows:

> The claimant has acknowledged activities of daily living which are inconsistent with her allegations of disabling symptoms. The claimant admitted that she is able to feed her chickens, vacuum, wash dishes, prepare meals, make beds, bring in firewood, care for her personal needs and grooming, spend six hours per day on the internet, use a computer to communicate with others, use a computer to maintain business records, care for her cats and dogs, launder, dust, clean her yard, shop for groceries, drive, knit, crochet, regularly socialize with friends and family, and handle personal finances.

(Tr. 15).

Upon review of the transcript in this case, while Plaintiff did state she was able to perform some of these activities (Tr. 37-38, 186, 232), she did not state that she could perform all of these activities on a consistent basis. Indeed, even if Plaintiff could occasionally perform these activities, if she cannot perform these activities on a consistent basis, she cannot sustain competitive employment. Also, it should be noted that these fairly limited daily activities do not necessarily detract from her credibility. *See Hutsell v. Massanari,* 259 F.3d 707, 713 (8th Cir. 2001) (recognizing that "a claimant need not be bedridden to qualify for disability benefits"). Thus, the ALJ should not have assigned such great weight to them.

Further, the ALJ also erred by failing to consider Plaintiff's work record. Her earnings statement shows she was employed from 1994 through 2007 with earnings for one year totaling over $30,000.00. (Tr. 151). Indeed, apart from a few years during that time period, her earnings were

always above $10,000.00 per year. *Id.* Plaintiff's PRW is also impressive, and she has had several consistent jobs, including one as an insurance claims adjuster for approximately seven years.[3] (Tr. 175). Despite having a consistent work record, the ALJ did not use that history to bolster Plaintiff's credibility and, notably, did not even consider it. *See Moore v. Astrue,* 572 F.3d 520, 524 (8th Cir. 2009) (recognizing a claimant's work history is factor that should be considered in evaluating a claimant's credibility). This was in error.

Finally, in considering the *Polaski* factors, the ALJ should also fully consider Plaintiff's medications. In her pain questionnaire, Plaintiff reported that she takes Ibuprofen, Hydrocodone, Soma, and Lyrica. (Tr. 184). Plaintiff also reported utilizing epidural steroid injunctions and oral steroids. *Id.* Such a medication regimen also supports Plaintiff's credibility and her claim that she is disabled.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.[4] A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 1st day of October 2012.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[3] At the administrative hearing in this matter, Plaintiff also expressed a desire to return to her PRW when she is physically able. (Tr. 36). She stated, "I want to be able to make the money I used to make, if it's possible."

[4] This remand is ordered solely for the purpose of permitting the ALJ the opportunity to comply with the requirements of *Polaski*. No part of this remand should be interpreted as an instruction that disability benefits be awarded. Upon remand, the ALJ should further evaluate the evidence and make a disability determination, subject to this Court's later review.